Argued and submitted November 30, affirmed on appeal; remanded for modified judgment on cross-appeal December 29, 1993

In the Matter of the Estate of
Robert K. Wood, Deceased.

Arlie W. OSTER,
Personal Representative of the Estate of
Robert K. Wood, Deceased,
*Respondent,*

*and*

Bonnie J. WOOD,
*Respondent - Cross-Appellant,*

*v.*

Susan K. LESNIAK,
Gayle A. Berg and Jean L. Bochenek,
*Appellants - Cross-Respondents.*

(90-06-9824E; CA A75187)

865 P2d 1330

Nancy Nickel argued the cause and filed the briefs for appellants - cross-respondents.

Rex Armstrong argued the cause for respondent - cross-appellant. With him on the briefs was Bogle & Gates.

No appearance by respondent Arlie W. Oster.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

PER CURIAM

## PER CURIAM

■ Decedent's daughters, beneficiaries of one of decedent's trusts, Trust B, object to the personal representative's final accounting placing decedent's vendor's interest in a land sale contract in Trust A, which is reserved for "liquid" assets, instead of Trust B, which is for "other" assets, including real property. The trial court approved the final accounting. The daughters appeal.

Trust A is not ambiguous, as the daughters argue. It defines as Trust A assets, among other things, "all contracts for the sale of assets." The vendor's interest in a land sale contract is a contract for the sale of an asset. The trial court did not err.

■ On cross-appeal, decedent's widow, who is the beneficiary of Trust A, contends that the trial court erred in holding that, in the event the contract purchaser breaches the contract, leading to its nullification, the property in issue will transfer to Trust B. The trial court's ruling was based on a hypothetical state of facts and was premature.

Affirmed on appeal; on cross-appeal, remanded for entry of modified judgment deleting ruling regarding reversion of property to Trust B.